ant that any statements made by him would be used as evidence against him."

[1] We are of opinion that this instruction was properly refused, as it was in the nature of an objection to evidence.

Appellant also asked the following special charge:

"Gentlemen of the jury, you are instructed as to what is legal and competent evidence, as given in the court's general charge, that it means evidence of fact and not of circumstance; and, unless you believe beyond a reasonable doubt that it has been proven by a preponderance of the evidence that defendant was then and there guilty as charged of unlawfully playing at a game of cards, you will find the defendant not guilty."

[2] We think this charge also was in the nature of a bill of exceptions to evidence, and that its refusal was correct.

[3] Appellant excepted to the testimony of the sheriff and county judge as to statements made by him in the sheriff's office, in which he said, "If it is a penalty to play a game of pitch in a clubroom, we are stuck." The ground of said objection was that he had not been warned, and that such statement was prejudicial. The bill of exceptions gives us no information as to whether appellant had then been arrested or charged with any offense, or was under restraint, and the qualification of the county judge to said bill shows to the contrary. We cannot sustain an objection in the absence of a sufficient statement, in such bill, of the facts relied on to show that the matter complained of was erroneous.

[4] So also of the bill of exceptions taken to the action of the court in overruling the challenges to the juror Simms. As qualified by the court, said bill shows that, while the juror stated that he had at one time formed an impression as to the case, yet if selected as a juror he could lay same aside and try and decide the case according to the law and the evidence. In this condition th? bill presents no error.

[5] Complaint is also made of the sufficiency of the testimony, but we are unable to sustain such complaint because of the absence of a statement of facts.

Finding no error in the record, the judgment will be affirmed.

---

### Ex parte STEEN. (No. 6111.)

(Court of Criminal Appeals of Texas. Dec. 22, 1920.)

**Habeas corpus ⊚⇒113(13)—Court of Criminal Appeals will not pass on weight of evidence, where case is to be tried before jury.**

In habeas corpus proceedings, the Court of Criminal Appeals, on reversing judgment re-

manding petitioner to custody without bail, and granting such bail, will express no opinion as to the weight of the evidence, inasmuch as the case is to be tried before a jury.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Habeas corpus proceeding by John Steen. From a judgment remanding him to custody, he appeals. Reversed, and bail granted.

See, also, 225 S. W. 529.

Chambers, Watson & Johnson, of San Antonio, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Under a charge of murder, appellant resorted to a writ of habeas corpus for bail, upon the hearing of which he was remanded to custody. From that judgment he prosecutes this appeal.

We have carefully read the evidence, but in view of the fact that the case may be tried by a jury, we refrain from discussing the evidence, or our reasons for the conclusion we have reached. We are of opinion that appellant should have been granted bail. Therefore the judgment is reversed, and appellant is admitted to bail in the sum of $10,000. The sheriff of Bexar county, or the officer having appellant in custody, will take and approve his bond in the above amount, in the terms of the law, and upon the giving of which appellant shall be discharged from custody.

Reversed, and bail granted.